L. R. Munoz & Co., Plaintiff, *v.* Savannah Sugar Refining Corporation, Defendant.

Supreme Court, New York Special Term, January, 1922.

Practice — contested issues not tried on affidavits — motion for summary judgment — defendant's right to answer — Rules of Civil Practice, rule 113.

It was not intended by rule 113 of the Rules of Civil Practice that contested issues in an action should be tried upon affidavits.

Where upon motion for summary judgment under said rule the defendant makes what appears to be a *bona fide* defense or sets forth a cause of complaint against the plaintiff in the nature of a counterclaim, he is entitled to unconditional leave to defend, and the motion will be denied.

Motion for summary judgment.

*John W. Goff*, for plaintiff.

*Rabenold & Scribner*, for defendant.

COHALAN, J. The plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice. The pleadings consist of complaint, answer, containing denials, separate defenses and counterclaim, and reply, denying the material allegations of the counterclaim and setting up separate and special defenses to it. The moving affidavit is met with an exhaustive answer on the part of the defendant directly contradicting the assertions of the plaintiff. Taken in conjunction with the pleadings and exhibits it leaves no doubt in my mind that the remedy provided under rule 113 is not applicable.

This rule, new in our practice, is a two-edged weapon — useful if it precludes the interposition of defenses for delay, but dangerous if it deprives a defendant of the opportunity to have a trial of seriously contested questions of fact or law. It is clear to me that it was not the intention of the makers of this rule that the court should try out contested issues in an action upon affidavits, although, from the numerous motions under it brought before me during this term, a contrary opinion seems to prevail in many quarters. A misuse of the privilege of the rule would be an invasion of *the right* to a jury trial — a right which may not lightly be set aside. I am mindful in order to curb the practice of putting in sham defenses for purposes of delay of the necessity for some provision which shall go further than the old rule to strike out a pleading, or by demurrer to require a new one. But there is grave danger in practice of swinging too far in the opposite direction of making undue haste at the expense of substantial rights. I believe — if the defense shows there is a triable issue — that the defendant should have his day in the proper forum. Before he is deprived of that right it should be clear to the court on a motion of this kind that there is no real defense on the question of fact and no defense in law such as could have been raised formerly by demurrer. Where a defendant makes what appears to be a *bona fide* defense or sets forth a cause of complaint against plaintiff in the nature of a counterclaim, he should be and is entitled to unconditional leave to defend.

In this motion I have carefully considered the voluminous papers, and upon the facts and law I am convinced the relief sought by plaintiff should not be granted.

Motion denied, without costs.