EDWARD MOIR, Respondent, v. WILBUR F. JOHNSON, Appellant, Impleaded with JOHN A. CURTISS, Defendant.

Fourth Department, January 7, 1925.

**Bills and notes — action by subsequent indorsee against maker and prior indorser — defense by maker that plaintiff is not holder in due course and took notes after maturity — motion by plaintiff for summary judgment — affidavits show that notes were procured by fraud — summary judgment under Rules of Civil Practice, rule 113, should not have been granted — change of place of trial for convenience of witnesses — notes were made in and to be paid in Nassau county, fraud was perpetrated there and nearly all witnesses reside there — place of trial changed from Onondaga county to Nassau county.**

In an action on promissory notes instituted by a subsequent indorsee against the maker and a prior indorser, in which the maker interposed a defense that the plaintiff is not a holder in due course and took the notes after maturity, plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice should not have been granted, since it appears from the pleadings and the affidavits that the notes were procured from the maker by fraud and were wrongfully negotiated, and, therefore, the burden is on the plaintiff to show that he is a holder in due course. The affidavits in behalf of the plaintiff, one by himself and one by the other defendant, tending to show that the plaintiff was a holder in due course, do not authorize the granting of a summary judgment, since both affiants are interested witnesses and their credibility should be passed upon by a jury.

The place of trial should be changed from Onondaga county to Nassau county since it appears that the notes were executed in Nassau county, were to be paid there, the fraud was perpetrated there, and substantially all of the witnesses reside there.

APPEAL by the defendant Wilbur F. Johnson, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 10th day of October, 1924, granting plaintiff's motion for summary judgment against the defendant Johnson pursuant to rule 113 of the Rules of Civil Practice, and from a judgment entered in said clerk's office pursuant to said order, and also from an order entered in said clerk's office on the same day denying the defendant's motion to change the place of trial from Onondaga county to Nassau county.

*David Belkin* [*Fred Ingraham, Jr.*, of counsel], for the appellant.

*Thomas Hogan* [*S. C. Sugarman* of counsel], for the respondent.

CROUCH, J.:

Defendant Johnson under date of September 25, 1923, made two promissory notes to his own order, each for $6,000, indorsed them in blank and delivered them to one Evans. Evans transferred them to the defendant Curtiss, who indorsed them in blank and transferred them to the plaintiff.

Plaintiff brings this action on the notes. The complaint is in the usual form, but fails to allege that the notes were delivered to plaintiff before maturity. The answer of Johnson admits the making and indorsement in blank, denies all other allegations and sets up various defenses which, among others, in effect charge that plaintiff is not a holder in due course because he took the notes after maturity in bad faith and with notice of a defect in the title.

Plaintiff resides in Onondaga county, where the action is brought. Defendant Johnson resides in Nassau county. Defendant Curtiss resides or has his place of business in New York city. The notes were dated at New York but were made and were payable at East Norwich, in Nassau county.

Plaintiff moved for summary judgment against defendant Johnson under rule 113 of the Rules of Civil Practice. Johnson made a cross motion to change the venue from Onondaga county to Nassau county for the convenience of witnesses. The motions were brought on together and under stipulation the papers were used and considered interchangeably on both. The motion for judgment was granted and hence the other was denied.

We think both orders should be reversed.

1. The remedy under rule 113 is useful but drastic. It should be applied only where it is perfectly plain that there is no substantial issue to be tried. (*Peninsular T. Co., Inc.*, v. *Greater B. Ins. Corp., Ltd.*, 200 App. Div. 695, 701; *King Motor Sales Corp.* v. *Allen*, 209 id. 281.)

On the affidavits before the court there is practically no dispute that Evans procured the notes from Johnson by fraud and wrongfully negotiated them. The burden is, therefore, on plaintiff to show that he is a holder in due course. (*American Surety Co. of New York* v. *Palmer*, 211 App. Div. 172.) The affidavits of plaintiff and of defendant Curtiss are offered to that end. But they are both interested witnesses and unless it can be said that there is nothing substantial in the papers here tending to show that their stories are improbable or suspicious, their credibility should be passed on by a jury.

The following facts appear:

(a) The complaint, while alleging that the notes were transferred to Curtiss before maturity, omits such allegation as to plaintiff;

(b) Plaintiff says the notes were duly presented for payment at maturity; Johnson denies that, and says he never heard of plaintiff until the present action was begun many months after maturity;

(c) The notes matured November 25, 1923. About a week later Curtiss brought an action on the notes in New York county against Johnson and alleged in the complaint that he was then the owner and holder of the notes. The place of trial in that action was subsequently on motion changed to Nassau county. The action seems still to be pending.

(d) Plaintiff did not begin the present action until August 19, 1924, nearly nine months after maturity. In the interval, Evans and Curtiss were indicted and tried for grand larceny in procuring these notes. Evans was convicted; the indictment was dismissed as to Curtiss. Johnson asserts and plaintiff denies that the dismissal was due to lack of corroboration of Evans' testimony as accomplice. Evans says that Curtiss gave him $2,000 for the notes and took them with full knowledge of the manner in which they had been obtained. There is some evidence that just before the criminal trial of Custiss, he offered to return the notes on condition that the indictment be dismissed. Also that after that trial he offered to settle for $3,000 and stated in substance that unless such settlement was made, he would have Moir, the plaintiff here, bring an action in Onondaga county;

(e) Evans says he once saw plaintiff in Curtiss' office in New York but did not talk to him. Plaintiff, while denying all notice and knowledge of the origin of the notes, admits having been in Curtiss' office on several occasions and having had, before the transaction here involved, certain business deals with Curtiss as a result of which he felt himself under some obligation to Curtiss.

We express no opinion as to the significance of all these matters beyond saying that they fairly indicate the existence of a *bona fide* issue which should not be determined summarily under the rule.

2. Defendant Johnson's apparent contract was made and was to be performed in Nassau county. The fraudulent transaction by which the notes were obtained took place there. Substantially all the witnesses reside there. Defendant Curtiss resides in New York county. Plaintiff alone of all concerned resides in Onondaga county. The place of trial should, therefore, be changed from Onondaga county to Nassau county.

The orders appealed from should be reversed, with ten dollars

costs and disbursements in each appeal. The motion for summary judgment should be denied, with ten dollars costs. The motion to change the place of trial from Onondaga county to Nassau county should be granted, with ten dollars costs.

HUBBS, P. J., CLARK, SEARS and TAYLOR, JJ., concur.

Judgment and order reversed on the law, with costs, and motion for summary judgment denied, with ten dollars costs. Order reversed, with ten dollars costs and disbursements, and motion to change the place of trial granted, with ten dollars costs to abide event.