EDWARD F. DIBBLE, Plaintiff, *v.* MARY S. JONES and Others, Defendants.

Supreme Court, Steuben County, August 18, 1927.

Sales — acceptance — Personal Property Law, § 129 — motion by plaintiff for summary judgment in action to recover purchase price of seeds — seeds were ordered in spring of year — alleged defense that seeds were not shipped in time — facts show acceptance — motion granted.

The motion of the plaintiff under rule 113 of the Rules of Civil Practice for summary judgment in this action to recover the purchase price of a quantity of seeds which were ordered by the defendants early in May and immediately

shipped, is granted. While the defendant alleges that the seeds were not shipped in time to be available for spring planting there is no showing by the defendants that they were ordered for that purpose and furthermore it appears that they were actually received by the defendants' agent four days after they were shipped. The receipt of the seeds by the defendants' agent was notice to the defendants of the time of delivery and if, as the defendants allege, they were not informed of the alleged untimely delivery until late in July, that was the fault of the defendants' agent for which the defendants are responsible. The receipt of the seeds and their retention by the defendants' agent constituted an acceptance, under section 129 of the Personal Property Law, and authorizes the plaintiff to recover the purchase price subject, of course, to any counterclaim for damages caused by delay.

MOTION by plaintiff for summary judgment under rule 113 of the Rules of Civil Practice.

*James McCall,* for the plaintiff, and motion.

*Thomas Shannon,* for the defendants, opposed.

THOMPSON, J. The complaint is upon the purchase price of a quantity of seeds, consisting of potatoes, wheat, oats and grass. Defendants' order to plaintiff marked " No. A 1200 " is dated April 28, 192*9*(6), and is claimed to have been received by plaintiff on May 3, 1926, on which day it wrote defendants a letter which begins: " We received your order No. A 1200 this morning," and asks information about the order. Upon the face of this letter, which is Exhibit B$\frac{1}{2}$ in plaintiff's motion papers, defendants wrote the information required and mailed it to plaintiff. Plaintiff claims that this communication was received on May 8, 1926, and that on the same day it shipped the goods ordered and rendered defendants an invoice therefor; that on July 26, 1926, it wrote them calling their attention to the unpaid account and that thereafter from time to time statements of the account were mailed to Mary S. Jones at Danville, Ill., the defendant with whom they dealt, and that no communication was received from the defendants at any time after the shipment until November 13, 1926, when the first of defendants' letters, all of which were devoted exclusively to the question of postponing the time of payment of the account, was written. The defendants claim that time of delivery was of the essence of the transaction, and that it was within the fair contemplation of the contract that the seeds were to be delivered in time for spring planting, and that the failure of prompt delivery made it impossible for them to use the seeds, and resulted in damage to them which they seek to recover in this action by way of counterclaim.

In the affidavit of defendant Mary S. Jones she recites that she verily believes she informed the said plaintiff that the grain and

grass seed as well as the potatoes were to be used for the spring sowing and planting in 1926, but she does not state the time, form or manner of such a communication. Defendants' affidavits make no denial or explanation of Exhibit B$\frac{1}{2}$, nor do they submit any correspondence or proof of any communication complaining of delay. So we find no contradiction of the proofs presented by plaintiff to the effect that the shipment of these seeds was made on the very day that they were finally ordered by defendants. Moreover, defendant Mary S. Jones' affidavit states that defendants did not learn that the seeds were received too late for use until a few weeks previous to July 25, 1927; although they were in fact received on May 12, 1926, by one Hann, who, this affidavit recites, was the farmer of defendants during the year 1926. Of course, this was notice to the defendants of the time of delivery and that they received the shipment upon that day. It will be noted that the above facts are asserted by defendants in explanation of their failure to make complaint of the untimely delivery of the seeds at any time before the commencement of the action.

In these circumstances it seems to me that an acceptance of the goods is established under section 129 of Personal Property Law (added by Laws of 1911, chap. 571). Without doubt an acceptance under this provision is not a bar to an action (counterclaim) for damages caused by delay in delivery, if sufficient facts are shown to support it. (Pers. Prop. Law, § 130, added by Laws of 1911, chap. 571; *Mason* v. *Smith*, 130 N. Y. 474; *Raymore Realty Co.* v. *Pfotenhauer-Nesbit Co.*, 145 App. Div. 163.)

In passing it may be observed that it is a matter of common knowledge of which judicial cognizance will be taken that in this jurisdiction wheat is sown during the autumn months and harvested the following summer. (23 C. J. 156; *Jordan* v. *Dinwiddie,* [Tex. Civ. App.] 205 S. W. 862, 863.)

And the same is true of the grass seed which defendants ordered of plaintiff, it being composed of eighty per cent timothy and twenty per cent alsike; the common custom here being to sow grass seed in which timothy is the dominant quantity with the wheat.

Rule 113 of the Rules of Civil Practice vests in the court power to decide whether or not there is an issue to be tried between the parties. Both plaintiff and defendant are given opportunity to establish by their pleadings and by affidavits; plaintiff verifying his cause of action and that there is no defense to it, and defendant showing facts sufficient to entitle him to defend. The court does not thereby become a trier of the facts but is seized with authority to determine whether or not the facts make an issue to be tried by a jury.

Plaintiff's affidavit must state such facts as are necessary to establish a good cause of action and this must extend to every essential part thereof. Defendant must show that he has a substantial and *bona fide* defense to the action, and one that he may be able to establish. If the defense is unsubstantial, not plausible or fairly arguable, so that upon the whole case a fair question of fact is not presented for the jury, the motion must be granted. (*Dwan* v. *Massarene,* 199 App. Div. 872.)

Thus we see that if the facts are insufficient to sustain a verdict under section 457-a of the Civil Practice Act they will not be " deemed, by a judge hearing the motion, sufficient to entitle him to defend." The court must determine whether plaintiff has a cause of action which cannot be controverted on a trial. (*Sher* v. *Rodkin,* 198 N. Y. Supp. 597; *General Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133, 139.)

Upon the facts here it is apparent that defendants will be unable to establish their claim that plaintiff engaged to ship the seeds in spring seed time, or that they informed plaintiff that the seeds were to be used for spring sowing. In any event such testimony could not avail them on the trial as against the direct evidence of plaintiff that the seeds were shipped upon the day that the order (undated) was finally received. And the failure of defendants to furnish or suggest evidence to meet this fact is very cogent.

It must, therefore, be held that the affidavits presented by defendants do not show sufficient facts to entitle them to defend.

Motion granted, with costs. So ordered.