CHILDS COMPANY, Appellant, *v.* NORMAN L. STONE and Others, Respondents.

First Department, March 10, 1930.

*Joseph Diehl Fackenthal* of counsel [*Barber, Fackenthal & Giddings,* attorneys], for the appellant.

*Charles Franklin,* for the respondents.

MARTIN, J. The firm of Stone, Prosser & Doty guaranteed an indorsement for transfer of a certificate of stock. This guaranty and the transfer of the shares in question was made after a claim had been asserted by a stockholder, Miss Agassiz (hereinafter known as Mrs. Prince), whose shares were so transferred. She contended that her alleged signature was a forgery and this was established in a suit brought by her which resulted in a judgment to that effect and fixed the amount of the damages sustained by the plaintiff Childs Company, which company seeks in this action to

recoup from defendants the amount of its loss in satisfying that judgment.

The amount of damage claimed by the plaintiff is $13,168.97, with interest, upon which it gives a credit of $8,315.28, with interest, and demands judgment for $4,514.51 and interest. The controversy involved the making of said credit of $8,315.28.

The defendants in their answer set up substantially three matters of defense: (1) A denial that the stockholder's signature was forged; (2) a denial that they guaranteed that signature, and (3) they assert that they are not in any way bound by the judgment in the stockholder's suit. The answer is in effect a general denial. In addition to the denial of liability contained therein, there is a counterclaim, and this motion by defendants seeks summary judgment on that counterclaim.

The stockholder's suit was brought in equity by Mrs. Prince in the Federal court against Childs Company claiming that her stock in that company had been transferred by the corporation upon a forged signature to the assignment thereof, and she asked as relief that she be reinstated as a stockholder and that she be paid all dividends since such transfer. Messrs. Stone, Prosser & Doty were notified of the commencement of this suit and promptly made a motion for leave to intervene as additional defendants and to file an answer. This motion was granted and they filed an answer and thereafter an amended answer, to which Mrs. Prince made reply. Childs Company also filed an answer and also a cross-bill against Stone, Prosser & Doty and the suit proceeded to trial. The result of this trial was a decree awarding to Mrs. Prince as against Childs Company a money judgment in the sum of $8,315.28 and a judgment for the same amount in favor of Childs Company as against Stone, Prosser & Doty. From this decree all the parties appealed with the result that the judgment in favor of the complainant Prince was modified and in lieu of a money judgment she was given a decree requiring Childs Company to reinstate her as a stockholder. This is the judgment which, as already stated, cost Childs Company $13,168.97 to satisfy; the judgment in favor of Childs Company against Stone, Prosser & Doty was set aside and Childs Company's bill against them was dismissed, not upon the merits, but because the court held it had no jurisdiction of a controversy between Childs Company, a New York corporation, and Stone, Prosser & Doty, all residents of New York.

Before the appeal had been taken and on May 27, 1927, Stone, Prosser & Doty through their attorney sent to Childs Company their check, made to the order of Childs Company for $8,315.28. The controversy upon this motion relates to the terms, conditions and purpose for which that check was sent.

The allegation of the counterclaim is that the check for $8,315.28 aforesaid was delivered to Childs Company "upon the express agreement and understanding that the said amount would be deposited forthwith by the Childs Company with the clerk of the United States District Court for the Southern District of New York for and to the use and account of these defendants;" that in violation of this agreement, Childs Company illegally converted this money to its own use, and that the judgment against Stone, Prosser & Doty being set aside, though not upon the merits, defendants are entitled to the return of this money, irrespective of any liabiilty to Childs Company upon the guaranty alleged in the complaint.

The reply denies that there was any agreement to deposit the money as alleged in the counterclaim; denies that plaintiff unlawfully took and retained it, and as a separate defense alleges that the said sum was paid on account of the liability of defendants as set up in the complaint and that it has been applied thereto as appears by the complaint.

The reply to the counterclaim and the affidavits filed upon the motion make an issue of fact which the plaintiff is entitled to present and have passed upon at a trial. It was error, therefore, to hold that a substantial and triable issue was not presented.

The appellant not only contends that the money paid was on account of the indebtedness due it, but asserts that the correspondence conclusively establishes that fact. It is pointed out by plaintiff that the check was made out in the name of the Childs Company, indicating that the respondents' contention that it was received by Childs Company to be paid into court was an afterthought.

In addition we have in this case correspondence written at a time when the judgment in favor of Childs Company was outstanding and before the reversal by the Federal court which strongly fortifies appellant's contention that there are issues of fact to be disposed of by a trial.

The decisions on the subject of granting a judgment under rule 113 of the Rules of Civil Practice clearly point out that where there is a substantial issue of fact it may not be disposed of in such a summary manner. (*Tidewater Oil Sales Corp.* v. *Pierce*, 213 App. Div. 796.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.