Prime Manufacturing Company, Respondent, vs.
A. F. Gallun & Sons Corporation, Appellant.

*September 14—December 6, 1938.*

For the appellant there were briefs by *Quarles, Spence & Quarles*, attorneys, and *L. J. Burlingame, Kenneth Grubb*, and *Jefferson D. Burrus* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb*.

For the respondent there were briefs by *Fish, Marshutz & Hoffman*, attorneys, and *I. A. Fish* and *W. H. Voss* of counsel, and oral argument by *Mr. Fish* and *Mr. Alexander Cannon*, all of Milwaukee.

The following opinion was filed October 11, 1938:

FOWLER, J.    The judgment appealed from was for the amount demanded in the complaint and was entered upon the motion of the plaintiff for a summary judgment.   The portion of the summary-judgment statute here material relating to entry of such judgment by the plaintiff, sub. (2) of sec. 270.635, provides that such judgment "may be entered . . . upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, as shall . . . establish his cause of action sufficiently to entitle him to judgment; . . . together with the affidavit of . . . [the plaintiff] that he believes that there is no defense to the action . . . unless the . . . [defendant] shall, by affidavit or other proof, show facts which . . . entitle him to a trial."

The purpose of the statute, so far as it relates to motions by the plaintiff, is to prevent interposition of false or frivolous answers and thereby delay the entry of judgment until

the case shall be reached in its regular order in the calendar for trial by court or jury. It is aimed at delay by presenting a sham answer. See the article of Prof. Boesel in 6 Wisconsin Law Review, pp. 6, 11. Unless it appears from the record and the showing made by affidavits that the answer presents no defense or presents a false or frivolous one, the motion must be denied. Where the answer traverses all material allegations of the complaint as to the terms of a contract in suit and is supported by affidavits that controvert all facts essential to the support of the cause of action alleged, a summary judgment cannot be entered but the case must proceed to trial by court or jury as the case may be. *Sullivan v. State,* 213 Wis. 185, 251 N. W. 251. The rule applicable to such motions is succinctly stated in paragraph 2 of the syllabus of that case: "A motion for a summary judgment must be denied where a genuine and substantial issue of fact is presented by the pleadings." See page 191 of the opinion.

The statute or court rule, which we shall refer to as a statute because it has the effect of a statute, has been in force in this state only a short time, so that but few cases dealing with it have reached this court. But the statute or rule is derived from the statute of New York, and the decisions of the courts of that state establishing the propositions above stated are numerous. A multitude of cases in those courts support the propositions above stated. *McAnsh v. Blauner,* 222 App. Div. 381, 226 N. Y. Supp. 379; *Commonwealth Fuel Co. v. Powpit Co.* 212 App. Div. 553, 209 N. Y. Supp. 603; *L. R. Munoz & Co. v. Savannah Sugar Ref. Corp.* 118 Misc. 24, 193 N. Y. Supp. 422; *Norwich Pharmacal Co. v. Barrett,* 205 App. Div. 749, 200 N. Y. Supp. 298; *Adler v. Wiener* (Sup.), 197 N. Y. Supp. 599; *Edw. F. Dibbell Seedgrower v. Jones,* 130 Misc. 359, 223 N. Y. Supp. 785; *Royan v. Consolidated Coppermines Co.* 117 Misc. 718, 193 N. Y. Supp.

163; *Gravenhorst v. Zimmerman,* 236 N. Y. 22, 139 N. E. 766; *Childs Co. v. Stone,* 228 App. Div. 546, 240 N. Y. Supp. 582; *Moir v. Johnson,* 211 App. Div. 427, 207 N. Y. Supp. 380; *Curry v. MacKenzie,* 239 N. Y. 267, 146 N. E. 375, holds that to justify a summary judgment the court must be convinced that the issue presented is not genuine but feigned and that there is nothing to be tried.

Inspection of the pleadings in this case clearly shows that they present a real and genuine issue. The complaint states a cause of action to recover the agreed purchase price of $5,350 of a leather dryer, which plaintiff "agreed to sell and defendant agreed to buy," consisting of parts to be delivered at and erected upon defendant's premises, which plaintiff delivered and for which the defendant refused to pay.

The defendant by answer admits that plaintiff delivered the parts for a machine and for which it conditionally agreed to pay the alleged price. But it alleges that the plaintiff offered to sell the machine subject to certain written guaranties and upon representation that the machine would properly dry and dampen certain grades of leather manufactured by defendant in its business as a tanner; that the machine would enable defendant to process leather at less cost than with the method it was using; that pursuant to and in reliance on such representations the defendant offered to accept the plaintiff's offer of sale on condition that the machine would make leather as good as the defendant was then making by the process in use; that the defendant was to install the machine for the purpose of trying it out; and that defendant was to be the sole judge of the quality of leather processed by the machine; admits that the plaintiff delivered the parts of the machine at its plant; alleges that thereafter the defendant at request of plaintiff tried to use the machine; that it did not comply with the plaintiff's said representations and warranties; that for several months at the request of de-

fendant, plaintiff made repeated trials of the machine, following suggestions of the plaintiff, but that after said trials the machine failed to comply with the said representations and guaranties, and failed to make as good leather as defendant had been making; that defendant from time to time notified the plaintiff that the machine did not comply with plaintiff's representations and guaranties, and on June 15, 1936, instructed the plaintiff to move the machine from its premises. The defendant also interposed a counterclaim in which it repeated the allegations of its answer above stated and alleged that the plaintiff failed to remove the machine; that the machine occupied nearly two thousand square feet of floor space; that the presence of the machine inconvenienced the defendant in the conduct of its business and put it to considerable expense; that the reasonable rental value of the premises occupied by the machine is $56.11 per month.

In another counterclaim defendant repeats the allegations of its answer above stated, and further alleges that relying on the representations and warranties in its answer stated, the defendant at the request of plaintiff purchased materials and furnished labor to install the machine at a cost of $975.18, which expenditure was a total loss. Defendant demanded judgment for rental of the space occupied by the machine, $673.28 up to June 15, 1937, and thereafter until the plaintiff moves the machine at the monthly rental stated, together with $975.18 for its expenses of instalment.

To the counterclaims the plaintiff replied denying specifically their several allegations.

In support of its motion plaintiff presented an affidavit of the president of the plaintiff company stating that upon advice of counsel he believes that plaintiff has a good and valid cause of action against the defendant, and that he verily believes the defendant has no defense thereto. Plaintiff's attorney submits his affidavit reciting excerpts from the adverse

examinations of two employees of the defendant which occupy eleven pages of the case, and setting out the plaintiff's written proposal to sell and the defendant's written order for the machine in accordance with the plaintiff's offer, but reciting that if the machine did not make leather "of equal good quality" as defendant was then making the defendant was to have the privilege of returning the dryer, the defendant "to be the judge as to the quality of the leather." An affidavit also set out correspondence between the parties relating to failure of the machine to fulfil the contract. In opposition to the motion of plaintiff, defendant's counsel set out excerpts from the adverse examinations of officers and employees of the defendant occupying nine pages of the printed case. Neither affidavits setting out excerpts purport to give the entire depositions of those examined. The excerpts from the adverse examinations offered by plaintiff tended to show an acceptance of the machine by use made of it by defendant. An affidavit of Mr. Gallun offered by defendant denied acceptance and asserted rejection of the machine for failure to meet warranties and to make as good leather as defendant made without it; asserted that all use made of the machine was in efforts to make it work, except the hanging for a time of some skins to dry inside the machine, which occupied space required for drying them, and set out further correspondence between the parties relating to nonacceptance and rejection.

It thus appears that there was a *bona fide* controversy as to acceptance of the machine. Not only under the pleadings but under the evidence set forth in the affidavits there was a *bona fide* issue as to whether the use made of the machine by the defendant constituted an acceptance of it. Sec. 121.48, Stats., provides that when goods are delivered to a buyer acceptance of them results when he intimates to the seller that he has accepted them, and there was no such intimation

here, or when he does any act in relation to them which is inconsistent with ownership in the seller, or when after a lapse of a reasonable time he retains the goods without intimating to the seller that he has rejected them. The contents of the affidavits establish without dispute that the defendant notified the plaintiff that he had rejected the goods. Under this part of the statute cited, the acceptance in this case depends on whether the defendant's retention of the machine before notifying plaintiff of rejection was for an unreasonable length of time under the circumstances, and that is a jury question. Under the other basis, acceptance depends on whether the use made by the defendant of the machine under all the circumstances shown in the affidavits was inconsistent with ownership in the seller. This, too, is a jury question. In some cases, of course, whether the use or acts constitute acceptance is a matter of law, but under the evidence presented in the instant affidavits it is not such here, but plainly a question of fact for the jury.

The court did not rest its decision on the matter of acceptance, but assumed that the defendant had accepted the goods, and held that the evidence in the affidavits showed that the defendant had waived the right to rescind the contract of sale "for breach of warranty, or failure of the article purchased to perform the contract" because it had used the machine in its business or otherwise as its own property and not merely for testing it or preserving it after it had had "knowledge of the grounds for rescission." But we are not concerned with rescission. The issue is acceptance. And if it were rescission, whether the defendant used the machine as its own property for its own benefit and convenience, and not for the purpose of testing it after it had knowledge of grounds for rescission, is a jury question to be determined upon trial.

The defendant also moved for a summary judgment on the counterclaims upon the pleadings and affidavits. The

issues under its counterclaims were for trial before court and jury as well as those under the complaint and answer. The defendant's motion was as improper as was the plaintiff's. The parties attempted to try this case upon isolated parts of adverse examinations, thus preventing the opportunity for the witnesses upon trial to court or jury to explain or contradict their testimony given in the adverse examination, and without the opportunity of the party opposing the motion for judgment to put in further evidence upon trial. The power of the courts under the summary-judgment statute should be exercised with care. The statute does not authorize the trial of contested issues on affidavits. *L. R. Munoz & Co. v. Savannah Sugar Ref. Corp., supra.* No more does it authorize trial of such issues on adverse examinations. The court does not try the facts upon affidavits but merely decides whether the case presents facts to be tried by a jury. *Norwich Pharmacal Co. v. Barrett, supra; Adler v. Wiener, supra.* This applies to adverse examinations as well as affidavits. The summary-judgment statute is drastic and should be applied only where it is perfectly plain that there is no substantial issue to be tried. The use made of the statute in this case was a perversion and an abuse of it.

*By the Court.*—The judgment of the circuit court is reversed, and the record remanded with directions for further proceedings according to law.

A motion for a rehearing was denied, with $25 costs, on December 6, 1938.