RYAN and wife, Appellants, vs. BERGER and wife, Respondents.

*December 2—December 30, 1949.*

282

For the appellants the cause was submitted on the brief of *Leicht & Curran* of Medford.

*Walter A. Graunke* of Wausau, for the respondents.

BROWN, J.  Plaintiffs submit that the complaint states a cause of action for the recovery of a gratuitous conditional deposit made by plaintiffs for the benefit of defendants who are third-party beneficiaries so that defendants' allegation that they did not agree to the conditions of the deposit is immaterial and constitutes no defense.  Plaintiffs' brief points out that the defendants did not deny that the deposit was without consideration.

Plaintiffs did not plead that the deposit was gratuitous and we do not think that such an intent can fairly be inferred from the language used.  Neither did the affidavit nor the exhibits so state.  The contention appears for the first time in plaintiffs' brief.  Defendants were not required to plead to a fact which plaintiffs had not alleged and which is not clearly to be inferred from such allegations as were made.  It appears from the complaint and plaintiffs' exhibits that when the transaction was being completed on or about December 1, 1948, a dispute arose concerning alleged mis-representations.  As a consequence the deposit in escrow was made.  This appears to us to be an integral part of the transaction, a method of proceeding with the deal, reached by agreement and supported by the consideration which

supports the transaction as a whole, and is not the isolated, unilateral, gratuitous act which appellant says it is.

The terms of the escrow, then, are material and must be proved. We cannot hold that Mr. Curran's affidavit extended by Exhibit "A" is sufficient proof to warrant a summary judgment upon it. As proof it rises no higher than the same allegations when he made them upon oath in the verified complaint, which allegations the defendants have on oath denied. Concerning Exhibit "A," we need only say that, the escrow agent to whom it was addressed being out of the case by stipulation, an objection to its competency must be overcome before it can even be received as evidence. The trial court was correct in refusing to accept it as proof upon the motion for summary judgment.

The power of the courts under the summary-judgment statute is drastic and should be applied only when it is perfectly plain that there is no substantial issue to be tried. *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697. Plaintiffs' version was not so plain to the escrow agent who did not deliver the deposit when the fifteen days had expired, nor to the learned circuit judge who denied plaintiffs' motion, and it is not so plain to us. The motion for summary judgment on the complaint was properly denied.

As to plaintiffs' motion for summary judgment on the counterclaim, we need only say that sec. 270.635 (7), Stats., reads, in part, "but the court may withhold judgment on a counterclaim until other issues in the action are determined." If plaintiffs consider, as they urge upon us, that the counterclaim states no cause of action they may demur. It was no error for the trial court, under authority of the statute quoted, to deny the motion for summary judgment dismissing the counterclaim.

*By the Court.*—Order affirmed.