ONDREJKA, Appellant, vs. ONDREJKA, Respondent.

*May 5—June 3, 1958.*

278

For the appellant there was a brief and oral argument by *M. Michael Essin* of Milwaukee.

For the respondent there was a brief and oral argument by *Lawrence D. Gillick* of Milwaukee.

HALLOWS, J. The question involved is whether there are any substantial issues of fact to be tried. The plaintiff-appellant contends that there is no merit to the counterclaim because the respondent-defendant had knowledge of his wife's membership in the Communist party and of her activities. The defendant contends that while he had knowledge of such membership and activities he did not know, and could not be expected to know, that they would interfere with the

marital relationship and destroy the harmony of the family. The knowledge the respondent had at the time of marriage was of his wife's prior membership and activities in the Communist party, not her treatment of him after marriage. The appellant's position, if adopted, would lead to some absurd results in divorce actions. Marriage places duties and responsibilities upon the parties which should not be shirked or violated. It is the acts of a spouse during marriage that constitute the grounds for divorce.

The appellant's main argument is that as a matter of law membership in the Communist party and different religious beliefs do not constitute grounds for divorce. The respondent contends this is not the issue but it is the activities and conduct of the appellant and its effect on him and on the marital relationship that constitutes cruel and inhuman treatment.

Not all the allegations in the counterclaim and statements in the supporting affidavit are statements of facts. However, we cannot agree with the contention of the appellant that the issue is confined to membership in the Communist party and the differing religious beliefs. There are allegations of fact in the counterclaim and in the affidavit in support thereof that the activities and course of conduct of the appellant, if proven, would amount to cruel and inhuman treatment under sec. 247.08 of the Wisconsin statutes. Some of the issues of fact are that the plaintiff's activities in the Communist party interfered with and destroyed the family life; her unexplained absences from the home; her association with persons abhorrent to the defendant; her interference with the defendant's associations with others; the violent arguments between the plaintiff and the defendant, and the plaintiff's statement that the Communist party was her life, that it would always be her life, and nothing could change it.

The originating cause of the cruel and inhuman treatment is not so important as the nature and character of the treat-

ment itself in determining the question of whether the treatment by a spouse has been cruel and inhuman. *Krauss v. Krauss* (1927), 163 La. 218, 111 So. 683, 58 A. L. R. 461, and annotation at page 462.

It is not ideas but the acts which constitute cruel and inhuman treatment. A person has the right to think freely in this country. But the nature of the overt acts and especially their effect on the spouse caused by or resulting from ideas and beliefs, but not the ideas and beliefs *per se,* are the important elements of cruel and inhuman treatment. The appellant relies on *Donaldson v. Donaldson* (1951), 38 Wash. (2d) 748, 231 Pac. (2d) 607, and *Braun v. Braun* (1948), 31 Wash. (2d) 468, 197 Pac. (2d) 442. Both of these cases are to the effect that membership in the Communist party would not constitute cruelty *per se* and be grounds in itself for divorce. These cases are not in point as the allegations in the counterclaim go beyond mere membership in the Communist party and allege treatment of the respondent by the appellant which has its origin or reason in such membership. The same treatment of the respondent by the appellant, if proved, originating from any other source or reason would constitute, if proved, cruel and inhuman treatment. The question of whether membership in the Communist party *per se* would constitute cruel and inhuman treatment is not before this court.

Respondent has met the requirement of sec. 270.635 (2) and (7), Stats., showing facts which are sufficient to entitle him to a trial since there are substantial issues of fact which should be tried. In *Ryan v. Berger* (1949), 256 Wis. 281, 40 N. W. (2d) 501, this court said, page 285:

"The power of the courts under summary-judgment statute is drastic and should be applied only when it is perfectly plain that there is no substantial issue to be tried." See also *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* (1938), 229 Wis. 348, 281 N. W. 697.

It was said by this court in *Madigan v. Onalaska* (1950), 256 Wis. 398, 401, 41 N. W. (2d) 206:

"The procedure provided by sec. 270.635, Stats., the summary-judgment statute, is not calculated to supplant the demurrer or motion to make pleadings more definite and certain. The proceeding is aimed at a sham pleading which is without merit. *McLoughlin v. Malnar, supra.* Under that statute the court is concerned with whether an issue exists which ought to be tried. If the court upon the showing made deems that sufficient appears to entitle the other party to a trial or that by demurrer or motion to make a pleading more definite and certain the real issue may be brought forward, the motion for summary judgment should be denied. For then, 'the trial, and not the pleadings, must settle the dispute in [the] case.' " *Van Der Werken v. Katz* (1929), 227 App. Div. 820, 237 N. Y. Supp. 913.

The summary-judgment statute cannot be utilized as a substitute for a regular trial. If there is any substantial issue of fact which the plaintiff is entitled to have determined the defendant's motion for summary judgment to dismiss the complaint must be denied. *Batson v. Nichols* (1951), 258 Wis. 356, 46 N. W. (2d) 192; *Fredrickson v. Kabat* (1951), 260 Wis. 201, 50 N. W. (2d) 381. This rule applies likewise to the situation where the plaintiff moves for summary judgment to dismiss the defendant's counterclaim. Sec. 270.635 (7), Stats., provides: "This section is applicable to counterclaims the same as though they were independent actions; . . ." There are substantial issues of fact which the defendant-respondent is entitled to have determined on his counterclaim.

No error was committed by the trial court in denying the motion for summary judgment to dismiss the counterclaim.

*By the Court.*—Order affirmed.