De Bonville, Appellant, v. Travelers Insurance Company, Respondent.*

*April 8—May 5, 1959.*

* Motion for rehearing denied, with $25 costs, on June 26, 1959.

For the appellant there were briefs by *Riley & Wahl* of Eau Claire, and oral argument by *Victor T. Wahl*.

For the respondent there was a brief by *Ramsdell, King, Carroll & Barland* of Eau Claire, and oral argument by *George Y. King.*

BROWN, J. The power of the courts under the summary-judgment statute (sec. 270.635) is drastic and should be applied only when it is perfectly plain that there is no substantial issue to be tried. *Ryan v. Berger* (1949), 256 Wis. 281, 40 N. W. (2d) 501. Summary judgment should be granted only when there is no substantial issue of fact or of permissible inference from undisputed facts to be tried. *Braun v. Jewett* (1957), 1 Wis. (2d) 531, 539, 85 N. W. (2d) 364. But disputed issues of fact which are immaterial to the questions of law presented do not afford a basis for denying the application for summary judgment. *Carney-Rutter Agency v. Central Office Buildings* (1953), 263 Wis. 244, 248, 57 N. W. (2d) 348.

The defendant Insurance Company places its principal reliance upon the undisputed fact that De Bonville's application to convert his group policy into an ordinary life policy contained a surrender of all his rights and privileges under the group policy.

We consider that if the surrender of his accrued rights be so interpreted their surrender is without consideration and is void. The conditions upon which a converted policy must be issued are set forth in the foregoing statement of facts. All these conditions were met by De Bonville when he applied to exercise his conversion privilege. Nowhere among those conditions appears a requirement that De Bonville or any other employee, as the price of obtaining a policy by conversion, must give up the protection which had already accrued against losses or risks alleged to have been already incurred. Without a surrender of such existing protection against risks which had already attached or losses incurred De Bonville had met all the specified conditions of the group policy and was absolutely entitled to the con-

verted policy of his own choice. The additional requirement of giving up a vested right was imposed upon him without consideration and in that respect his agreement to relinquish this right was void.

That conclusion, however, does no more than to restore to De Bonville the original protection of his group policy subject, of course, to that policy's terms. To be entitled to total disability benefits a condition precedent requires the policyholder to ". . . furnish the company with due proof that . . . he has become wholly disabled, . . . and will be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, . . ."

Plaintiff's heart attack occurred on November 6, 1951. About May 1, 1952, he filed a claim for total permanent disability, and as proof gave the Insurance Company a statement so certifying by his attending physician, Dr. Finucane. De Bonville informed the Insurance Company that he had also consulted a heart specialist but plaintiff refused or neglected to give the specialist's information to the company, though it requested him to do so. The Travelers Insurance Company did not obtain that report until more than a year later and then it appeared that this doctor had reported that, when he examined De Bonville, the doctor could not find him to be totally disabled.

Under other circumstances the conflicting reports of the medical men might produce an issue of fact requiring trial. But we have here the undisputed fact that about October 1, 1953, plaintiff, for a salary, became general manager of Aloa Corporation, retaining this position for several months. Since his claim for disability benefits depended on proof of his physical inability for life to engage in any occupation or employment for wage or profit the plaintiff did not and could not furnish the company with the proof required, in so far as the claim was made for his disability due to the heart attack of November 6, 1951.

After the attack of February 16, 1954, De Bonville contemplated a new, or renewed, application for total disability benefits but his affidavits show that the Insurance Company's agent told him that he could not apply till six months had passed from the date of that attack. Therefore, plaintiff says, he did not complete the claim. The group policy has no such restriction and the policy provides that an agent such as this has no authority to modify its terms. Even if the agent's representation should be given effect it would do no more than to postpone the time when the claim might be filed. It would not waive the requirement of due proof when such time came. But that time came and no renewed claim was made or has been made. Without presenting a claim, with proof of disability, no material issue of fact is presented to enable plaintiff to prevail on that score. We conclude that, though his rights continued under his group policy, the record presents no issue of fact for trial pertaining to a claim for group-policy benefit.

De Bonville submits that the conversion policy must be reformed so as to include in it benefits for permanent total disability as those contained in the group policy. The record shows without controversy that De Bonville was offered a policy containing such benefits at the premium rate written for such insurance. He declined the offer. He chose another policy and has continued to pay premiums upon it. No mutual mistake has been shown which calls for reformation. It is alteration he asks for rather than reformation. No issue of fact for trial is presented in plaintiff's demand for reformation.

We conclude that defendant's motion for summary judgment was correctly granted and the trial court's judgment must be affirmed.

*By the Court.*—Judgment affirmed.

The following opinion was filed June 26, 1959:

PER CURIAM (*on motion for rehearing*). The brief in support of the plaintiff's motion for rehearing asserts that our original opinion was grounded on a material mistake of fact. The original opinion stated that (p. 262), "no renewed claim was made or has been made" to the defendant insurance company after the second heart attack of February 16, 1954. It is this statement which is claimed to be erroneous.

This contention has necessitated that we review the record before the trial court on the motion for summary judgment as to this particular point.

We start with the pleadings. The complaint did not separate the two heart attacks, or state the date of occurrence of either, but merely alleged that the plaintiff became wholly disabled by bodily disease prior to or on June 1, 1954. This was followed by this allegation:

"That plaintiff did prior to or on June 1, 1954, furnish said defendant with due proof before having attained the age of sixty that he had become wholly disabled by bodily disease and that he would be permanently, continuously, and wholly prevented thereby for life from engaging in any occupation or employment for wages or profit."

The answer of the defendant denied "that plaintiff on or before June 1, 1954, furnished defendant with any proof of total permanent disability." We interpret such denial to mean that the plaintiff's allegation, that proofs of claim were filed with the defendant after June 1, 1954, which was subsequent to the second heart attack, is not disputed, but what is denied is the sufficiency of the proofs filed to establish permanent disability.

The plaintiff's affidavit in opposition to the defendant's motion for summary judgment states that the plaintiff did

renew his application for benefits following the lapse of the six-month period that defendant's agent had advised was necessary before the second application for benefits could be filed. The affidavits filed by the plaintiff presented no facts on the issue raised by the pleadings that the proofs filed with the company of permanent disability were insufficient.

It may well be that plaintiff still may have the right to now file sufficient proofs of such permanent disability and commence a new action to collect the benefits due. We express no opinion with respect to this.

The motion for rehearing is denied.