Dieterich, J.
The question involved is whether there are any substantial issues of fact to be tried.
The defendant contends that James W. Gage and Williams Buick Company contracted unconditionally for the sale of specific goods, a particular 1947 Buick automobile, and that it was delivered to the buyer, James W. Gage. That title to the Buick automobile passed as a matter of law on April 1, 1958, and since Williams Buick Company did not own the car in question on the date of the accident, the defendant Safeguard Insurance Company’s policy of insurance was not in effect, leaving no issue of fact to be tried and its motion for summary judgment should have been granted.
The affidavits in support of the motion for summary judgment disclose that on April 1, 1958, James W. Gage approached Mr. David Williams, owner of Williams Buick Company of Stoughton, with reference to the purchase of a used car. They executed a car-order form and by this form it was agreed that Gage was to purchase a 1947 Buick, four-door gray automobile for the price of $75. Payment for such price would be for Gage to install 250 feet of split-rail fence and 10 feet of two-rail fence. It was agreed that erection of the fence was to be done at a later date when the frost had gone out of the ground. Mr. Gage accepted the automobile and thereafter retained custody, control, and possession of said vehicle. On April 13, 1958, Gage was operating the vehicle in question involved in an automobile accident with one Donald L. Engen.
David Williams, owner of Williams Buick Company, by affidavit in support of the motion for summary judgment stated that he had given James Gage the possession and *537 custody of the vehicle intending that from that date said James Gage was to be the owner of said vehicle, and further that when making out the reassignment of title to the car and the application for transfer that he, Williams, by error wrote the date of sale as being April 25, 1958, rather than the correct date of April 1, 1958, and that the difference in dates between the actual sale and the date on the certificate of title was pure error.
Plaintiff contends there are substantial issues of fact to be tried and by affidavit supports its position stating that assignment of title to the 1947 Buick bears the date April 25, 1958, from Williams Buick Company to James W. Gage (some thirteen days after the accident). That Williams Buick Company, by its owner, ordered title to the car in question to be stamped with the word “junked” and gave permission to the garage that had the car in its possession to keep the car in exchange for storage charges, and that the incidents of ownership exercised by Williams present issues of fact for trial.
The affidavits set up many conflicting issues of fact respecting ownership of the 1947 Buick, and the plaintiff having met the requirements of sec. 270.635, Stats., opposing the defendant’s motion for summary judgment, entitles it to a trial on the merits.
This court said in Ryan v. Berger (1949), 256 Wis. 281, 285, 40 N. W. (2d) 501, and repeated in Ondrejka v. Ondrejka (1958), 4 Wis. (2d) 277, 283, 90 N. W. (2d) 615:
“ ‘The power of the courts under summary-judgment statute is drastic and should be applied only when it is perfectly plain that there is no substantial issue to be tried.’ See also Prime Mfg. Co. v. A. F. Gallun & Sons Corp. (1938), 229 Wis. 348, 281 N. W. 697.”
The rule which this court has accepted as to the applicability of the summary-judgment statute can best be ex *538 pressed by the following in Voysey v. Labisky (1960), 10 Wis. (2d) 274, 277, 103 N. W. (2d) 9:
“The rule is well established in this state that when it is shown there is a substantial issue of fact, or when the evidence on a material issue is in conflict, or if the inferences to be drawn from credible evidence are doubtful and uncertain, the motion for summary judgment should be denied. Likewise, when there is credible evidence which under any reasonable view will either support or admit of an inference in support or in denial of a claim of either party, it is for the jury to draw the proper inference and not for the. court to determine which of two or more permissible inferences should prevail. Elder v. Sage (1950), 257 Wis. 214, 42 N. W. (2d) 919. We have often said that the power of the courts under the summary-judgment statute (sec. 270.635, 33 W. S. A., p. 309) is drastic and should be exercised only when it is plain that there is no substantial issue of fact or of permissible inference from undisputed facts to be tried. De Bonville v. Travelers Ins. Co. (1959), 7 Wis. (2d) 255, 96 N. W. (2d) 509, 97 N. W. (2d) 392; Ondrejka v. Ondrejka (1958), 4 Wis. (2d) 277, 90 N. W. (2d) 615; Braun v. Jewett (1957), 1 Wis. (2d) 531, 85 N. W. (2d) 364; Udovc v. Ross (1954), 267 Wis. 182, 64 N. W. (2d) 747, 66 N. W. (2d) 200.”
The summary-judgment statute cannot be utilized as a substitute for a trial, and the facts in this case present substantial issues of fact which cannot be resolved on motion for summary judgment.
The order of the trial court denying the summary judgment is affirmed.
By the Court.- — Order affirmed.