Lawrence Textile Corporation, Plaintiff, *v.* American Railway Express Company, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Fourth District, July 22, 1925.

**Judgment — summary judgment — action for damages against common carrier for breach of contract for failure to deliver goods — damages unliquidated within meaning of Rules of Civil Practice, rule 113 — motion for summary judgment denied where answer raises issue for trial.**

Plaintiff is not entitled to summary judgment in an action against a common carrier for damages arising from the breach of a contract to safely deliver goods, since the damages claimed therein are not liquidated, within the meaning of rule 113 of the Rules of Civil Practice. Moreover, defendant's answer, reciting the issuance of a receipt setting forth an amount apparently limiting the liability rather than fixing the amount of damages, presents a valid defense and raises an issue for trial by a court or jury.

Motion for summary judgment, in an action for damages for the breach of a contract of bailment founded upon an obligation to safely deliver goods.

*Davis, Symmes & Schreiber* [*Philip W. Lowry* of counsel], for the plaintiff.

*Charles C. Evans* [*Emmet L. Holbrook* of counsel], for the defendant.

Genung, J.:

The defendant failed to file affidavits in reply on the return day of the motion (Rules of Civil Practice, rule 64), but the court allowed the defendant an additional time to file and serve such affidavits and imposed ten dollars costs as a condition therefor.

A motion for summary judgment cannot be granted against a common carrier. (*Norwich Pharmacal Co.* v. *Barrett,* 205 App. Div. 749.) The damages claimed are not liquidated damages and do not fall within the definition of liquidated damages. (Rules of Civil Practice, rule 113; *Norwich Pharmacal Co.* v. *Barrett, supra.*) The amount stated in the receipt issued by the defendant would seem to limit the liability, rather than to fix the amount of damages. (*Hart* v. *Pennsylvania R. R. Co.,* 112 U. S. 331; *Adams Express Co.* v. *Croninger,* 226 id. 491.) The answer presents a valid defense and raises an issue for trial by the court or jury. Motion for summary judgment, therefore, is denied, without costs.