Schaffer Stores Company, Inc., Plaintiff, v. Virgil Sweet, Defendant.

Supreme Court, Schenectady County, May 3, 1928.

Judgments — summary judgment — application for summary judgment in action on contract making defendant liable " for all and any losses or shortages " in store managed by him for plaintiff — complaint charges that loss occurred in store managed by defendant and judgment is demanded for specific amount — claim is not " debt " within meaning of Rules of Civil Practice, rule 113 — defendant's opposing affidavit shows facts sufficient to entitle him to defend — summary judgment denied — plaintiff is entitled to particulars as to alleged losses.

This is a motion for summary judgment in an action on a contract making the defendant liable " for all and any losses or shortages in stock, merchandise or money sustained " in a store to which plaintiff might assign him as manager. The complaint charges that defendant acted as one of plaintiff's managers, and during a designated period " losses or shortages in stock, merchandise or money " arose in the store in which defendant was manager, amounting to a specific amount for which plaintiff demands judgment.

While the debt arises on an express contract, it is not that character of a debt which comes within the meaning of rule 113 of the Rules of Civil Practice, but rather a claim for damages by reason of defendant's alleged breach of duty in the performance of his agency.

In any event, the damages are unliquidated and the breach of contract sued upon is not founded upon an obligation to pay money, but rather upon the liability for the losses and shortages set forth, and since summary judgment is limited in an action for a debt to those instances where the action is brought on an executed consideration for a fixed sum agreed to be paid, plaintiff is not entitled to summary judgment.

Furthermore, the affidavit of plaintiff's treasurer, upon which the motion is based, fails to sufficiently comply with the requirements of the rule in that it does not

set forth the evidentiary facts from the existence of which the conclusion of law must follow that the claim is valid and enforcible.

Defendant's opposing affidavits show facts sufficient to entitle him to defend upon his denial of the allegations as to the shortages or losses.

Defendant is entitled to a bill of particulars of the items referred to in the complaint, since the complaint fails to apprise him in which of the stores where he was employed the alleged shortages or losses occurred, or in what they consisted and when they occurred.

MOTION by the plaintiff for summary judgment under rules 113 and 114 of the Rules of Civil Practice, and motion by the defendant for a bill of particulars.

*Harry M. Schaffer,* for the plaintiff.

*Newton J. Herrick,* for the defendant.

BREWSTER, J. The complaint alleges that on June 12, 1926, plaintiff and defendant entered into a written agreement providing for defendant's employment as manager of such one of plaintiff's chain stores as it might appoint during the life of the agreement. This agreement, among other things, provided that the defendant should " be liable to the company for all and any losses or shortages in stock, merchandise or money, sustained in the store entrusted to said Manager's control and charge," and " that the books and records of the Company shall be legal proof and evidence of such losses or shortages." The complaint further charges that, pursuant to this agreement, between October 5, 1926, and August 7, 1927, the defendant acted as manager of one of plaintiff's stores, during which time the " losses or shortages in stock, merchandise or money " sustained in the store whereof defendant was manager, amounted to $496.69, for which judgment is demanded.

Defendant's answer denies, upon information and belief, that any losses or shortages were sustained as charged in the complaint and, for a separate and complete defense, alleges, in substance, that for a short time prior to June 12, 1926, he was placed in charge of a certain one of plaintiff's stores where he was continued as manager under the agreement aforesaid until the fall of 1926 at which time he was transferred to a certain other of plaintiff's stores which he thus managed until during August, 1927, and that at no time during the aforesaid period of his service did he receive any complaint from plaintiff on account of any shortages or losses and that there were none to his knowledge or belief and, upon information and belief, that there were none.

With his answer defendant served a demand for a verified copy of the account or a bill of particulars of the items referred to in the complaint. This was not complied with and defendant's motion

therefor was returnable contemporaneously with plaintiff's motion for summary judgment.

While the " debt " sued for arises on the express contract which the pleading set forth, I am not clear that it is the kind of a debt which comes within the purview of the rule.    (Rules of Civil Practice, rule 113.)    It appears that the debt in question in reality is a claim for damages which the plaintiff asserts it sustained by reason of the defendant's alleged breach of duty in the performance of his agency. This breach of duty may have been, in whole or in part, occasioned by his own willful tortious acts or his negligence in failing to prevent the defalcations or correcting the mistakes of others.    Thus the claim may sound in tort as well as arise *ex contractu*.    As regards his personal intended misbehavior he certainly would be liable in tort and the plaintiff could, of course, also waive this and sue him on contract, in the absence of the provision in the agreement which declares the liability in question.    Thus this provision is to a certain extent a mere reiteration of the defendant's legal liability.    Possibly its effect was to go further and, in addition, make defendant liable as an indemnitor for all and any of the shortages or losses specified. In any event the damages are unliquidated and the debt appears to have been inchoate and contingent and to be born of the general legal as well as possibly a special contractual liability arising upon proof of the fact of the shortages and losses referred to.    It has been said that a *debt* is, properly, opposed to this kind of concept in its legal significance and meaning.    (*Commercial National Bank* v. *Taylor*, 64 Hun, 499, 502.)    Moreover, the breach of the contract sued upon is not founded upon an obligation to pay money but rather upon the liability for the losses and shortages set forth which the defendant assumed by the contract and which liability, in whole or in part, would have been his anyway even in the absence of express contract.    It has been held that the " idea of a debt " as intended in rule 113 " is that it is founded on a contract, express or implied, to pay money in a certain sum or which can readily be reduced to a certainty as distinguished from a claim for damages arising out of a breach of contract or the violation of some duty," and " that applications for summary judgment under that rule should not be extended beyond an action for debt or for one of those counts in *indebitatus assumpsit*, where the action is brought ' on an executed consideration for a fixed sum agreed to be paid for such execution.' " (*Norwich Pharmacal Co.* v. *Barrett*, 205 App. Div. 749, 752, 753, citing *Workman, Clark & Co.* v. *Lloyd Brazileno*, L. R. [1908] 1 K. B. 968, 981.)

In addition to the foregoing I consider that the affidavit of plaintiff's treasurer upon which the motion for summary judgment

is based, fails to sufficiently comply with the requirements of the rule in that it fails to set forth the evidentiary facts from the existence of which the conclusion of law must follow that plaintiff's claim is valid and enforcible. (*Rogan* v. *Consolidated Copper-mines Co.*, 117 Misc. 718, 726.)

I am also of the opinion that defendant's opposing affidavit shows facts sufficient to entitle him to defend upon his denial of the allegations as to the shortages or losses. Presumably the defendant personally kept no books or accounts of his manager-ship, either for the plaintiff or himself. Because of the very nature of the arrangement he must depend in the first instance upon the plaintiff's records to disprove the charge. He may be held liable for the defalcations or errors of other employees of the plaintiff who were employed in the store whereof he was then manager. His affidavit stated he had no voice in the selection of these employees. He is, it seems, to a very great extent at the mercy of the showing disclosed by the accounts which the plaintiff kept of his steward-ship. He should have the right to test the accuracy of this and this, it seems, he could only bring about by a denial of the gravamen of the complaint on information and belief. He has made this denial, and, in consonance with the care to be exercised on motions of this kind, I cannot hold he is shamming in his defense.

The defendant has satisfactorily shown why plaintiff's general offer to allow him to inspect the presumably voluminous records of the accounts of his managership would not fairly avail him or satisfy his demand for the particulars he desires. The complaint is rather cryptic in its charge. It fails to apprise him in which of the two stores where he was employed the alleged shortages or losses occurred, or of what or in what they consisted and there is no detail as to dates. In the position in which defendant is thus placed by the agreement sued upon I consider he is entitled to the particulars he seeks.

Accordingly I deny plaintiff's motion for judgment and grant defendant's motion for a bill of particulars to the extent herein indicated, with costs.

Submit order.