James A. Tillman, Appellant, v. The Guaranty Trust Company of New York, Respondent.

No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.; Finch, J., dissents and votes for reversal.

Finch, J. (dissenting). I dissent and vote to reverse the order and judgment granting motion to dismiss the complaint. The letters relied on were a mere inquiry and an answer denying liability on the basis of the bank's present records, but qualifying this denial with a prayer for delay in the settlement of the account owing to the condition of confusion arising out of the Bolshevik revolution in Russia. This qualified denial and prayer for delay postponed the running of the statute.*

Andrea D. Coletti, Respondent, v. Knox Hat Company, Inc., Appellant.

No opinion. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ.; Finch, J., dissents and votes to reverse judgment and deny motion; Proskauer, J., dissents and votes for modification, upon the ground that the compensation should be prorated.

Finch, J. (dissenting). I agree that if the plaintiff is entitled to any judgment, it would seem that all he could recover would be upon the *pro rata* basis suggested by Mr. Justice Proskauer. But I vote to reverse and deny motion for summary judgment on the ground that as all claims are referable to the agreement of rescission (*McCreery* v. *Day*, 119 N. Y. 1, 5), any reservation for payment would be upon a *quantum meruit*, and hence this is not an action on a debt or liquidated demand within the meaning of rule 113 of the Rules of Civil Practice. (*Mogul, Inc.*, v. *Lavine, Inc.*, 247 N. Y. 20; *Norwich Pharmacal Co.* v. *Barrett*, 205 App. Div. 749.) I, therefore, vote to reverse the order and judgment appealed from granting summary judgment and to deny the motion.