GEORGES PAUL, Plaintiff, *v.* JOSEPH W. MANTELL, Defendant.

Supreme Court, New York County, December 29, 1930.

*Nicholas Athans*, for the plaintiff.
*Herman Chaityn*, for the defendant.

396

COLLINS, J. Motion for summary judgment. Two causes of action are asserted, both arising out of a written sublease; the plaintiff being the assignee of the sublessees, and the defendant being the landlord. The first cause is for damages for breach of the covenant of quiet enjoyment; the second is to recover $1,000 deposited by the subtenants with the landlord as security for the faithful performance of the terms and conditions of the sublease, which security, with four per cent interest, the landlord stipulated to return " after the premises have been surrendered." The subtenants were dispossessed as a consequence of the landlord's nonpayment of rent to his (defendant's) landlord.

As to the first cause of action, summary judgment will be denied. An action for damages for breach of the covenant of quiet enjoyment cannot be said to be " an action to recover a debt or liquidated demand." (Rules Civ. Prac. rule 113.) A debt is a claim " founded on a contract, express or implied, to pay money in a certain sum or which can readily be reduced to a certainty, as distinguished from a claim for damages arising out of a breach of contract or the violation of some duty." (*Norwich Pharmacal Co.* v. *Barrett*, 205 App. Div. 749, 752.)

Concerning the second cause, I am satisfied that the asserted defense to the effect that the security was assigned and that the plaintiff received interest thereon is feigned. No facts to support the assertion of assignment and payment of interest are presented. A mere conclusion, wholly unsustained, is advanced. Interest, according to the terms of the sublease, was not payable until the termination of the lease. The motion for summary judgment is granted on the second cause of action for $1,000, with interest at four per cent from July 27, 1923, to August 8, 1930, and at six per cent from August 8, 1930, to the date of entry of judgment. The clerk is directed to enter judgment accordingly.