SYLVIA SCHUSTERMAN, Plaintiff, *v.* C & F CATERERS, INC.,
Defendant.

City Court of the City of New York, Special Term, Bronx County,
January 9, 1948.

*Samuel Halpern* for plaintiff.

*Carl Kreisberg* and *Simon Greenhill* for defendant.

BONEPARTH, J. Motion by defendant for summary judgment under rule 113 of the Rules of Civil Practice.

The complaint herein alleges the making of a lease on May 2, 1945, between the defendant's assignor and the plaintiff. A copy of the lease is annexed to the complaint. The instrument purports to lease to the plaintiff a portion of the basement of the premises mentioned therein, to be used and occupied for a hat check and coatroom concession, for a term commencing April 1, 1945, and ending March 31, 1948. The " rent " for the whole period was paid in advance. The complaint further alleges that " plaintiff entered into possession of the said premises * * * and was illegally excluded from continuing possession of said premises;" and that " plaintiff appeared at the place demised to her * * * and on August 9, 1947, was forcibly barred and refused * * * entrance thereto."

The gravamen of the complaint is, that plaintiff has been unlawfully deprived of possession of real estate.

The complaint describes the agreement, annexed thereto, as a " lease ". That is the pleader's conclusion. But its character must be determined by the agreement itself. (*Sonino* v. *Magrini,* 225 App. Div. 536, 539; *Halpern* v. *Silver,* 187 Misc. 1023, 1025.)

In the instant case, the legal effect of the agreement has been heretofore judicially determined.

From the papers submitted on this motion it appears that, before the commencement of the instant action, the plaintiff brought an action in the Supreme Court, Bronx County, against the defendant herein, based upon the same agreement, wherein plaintiff sought an injunction as well as a money judgment (N. Y. L. J., Sept. 2, 1947, p. 349, col. 4). On motion of the defendant, in the Supreme Court action, the complaint was dismissed, and the court, in its opinion, said " While the agreement sued upon is called a lease, it is actually a license to conduct a coat room concession on the premises (*Kaypar Corp.* v. *Fosterport Realty Corp.,* 69 N. Y. S., 2d, 313, affd. 272 App. Div., 878)." The dismissal was without prejudice to the plaintiff's instituting an action at law for damages.

The plaintiff is concluded by the determination, that the agreement " is actually a license to conduct a coat room concession ".

" It is well settled that a judgment sustaining a demurrer, if it goes to the merits of the controversy, is as conclusive as an adjudication of the matter litigated as in any other judgment." (Opinion of Trial Term, Supreme Court, set forth in *Hirshbach* v. *Ketchum,* 84 App. Div. 258, 259, affirming the judgment of the Trial Term. See, also, *Linton* v. *Perry Knitting Co.,* 295 N. Y. 14, 17.)

The instant action is one to recover unliquidated damages for an alleged breach of contract, and not one to recover a debt or upon an obligation to pay money. It might be urged, that this action is not within the eight classes of actions, enumerated at the beginning of rule 113 of the rules of Civil Practice, in which summary judgment may be granted. (*Norwich Pharmacal Co.* v. *Barrett,* 205 App. Div. 749, 753, 754; *Schaffer Stores Co.* v. *Sweet,* 132 Misc. 38; *Paul* v. *Mantell,* 139 Misc. 395.)

Defendant, however, is entitled to move for summary judgment if it meets the requirements set forth in the latter part of the rule, which provides, in part, as follows: " When an answer is served in *any* action, whether or not of the character specified above, setting forth a defense which is sufficient as a matter of law, *where the defense is founded upon facts established prima facie by documentary evidence or official record,* the complaint may be dismissed on motion unless the plaintiff * * * shall show such facts as may be deemed * * * sufficient to raise an issue with respect to the verity and conclusiveness of such documentary evidence or official record." (Italics supplied. Rules Civ. Prac., rule 113; see, also, *Lederer* v. *Wise Shoe Co.,* 276 N. Y. 459.)

The answer of the defendant herein meets the test above set forth. The answer alleges the existence of documentary evidence and an official record, to wit, the agreement in writing, annexed to the complaint, a letter dated August 3, 1947, and a copy of the decision in the Supreme Court action hereinbefore mentioned. These constitute documentary evidence within the meaning of rule 113. (*Chance* v. *Guaranty Trust Co. of N. Y.,* 173 Misc. 754, 757, 758, affd. 257 App. Div. 1006, affd. 282 N. Y. 656; *Favole* v. *Gallo,* 263 App. Div. 729; Richardson on Evidence [6th ed.], § 614.)

There is no dispute as to the existence or content of the agreement, letter, or Supreme Court decision. But plaintiff disputes the legal effect thereof. Thus, plaintiff still urges that the agreement is a lease and the complaint proceeds apparently, on that theory.

The agreement, in the instant case, being a mere license, and not a lease, gave the plaintiff no interest or estate in the real property involved, but only a privilege to do one or more acts upon the land, without possessing any interest therein. (37 C. J., Licenses, § 174; *Reeve* v. *Duryee,* 144 App. Div. 647, and cases cited at p. 649.)

Accordingly, the plaintiff can make no claim that she was deprived of the ''possession of the said premises '', or that she '' was illegally excluded from continuing possession of said premises.'' She never had possession of any part of the premises.

A license of the kind here involved, to do certain acts upon the land of the licensor, is revocable at the option of the licensor. It is revocable, even though a consideration has been paid for the license; even where it was the intention to confer a continuing right, and money has been expended on the faith of the license. (*Reeve* v. *Duryee, supra,* p. 649, citing *Wiseman* v. *Lucksinger,* 84 N. Y. 31, and *Crosdale* v. *Lanigan,* 129 N. Y. 604; see, also, *Kommer* v. *Daly,* 104 App. Div. 528.)

The license, in the instant case, was revoked by defendant's letter dated August 3, 1947, admittedly received by the plaintiff, which letter cancelled the '' lease '' or '' concession ''.

The complaint, accordingly does not state a cause of action, based on any '' lease '', or deprivation of possession of real property.

However, the complaint cannot be dismissed, if on any view of the facts (not legal conclusions), stated in the complaint, plaintiff is entitled to recover. (*Zaepfel* v. *Parnass,* 140 Misc. 539.)

Although plaintiff had no lease, she had a contract, granting her a privilege for a definite period of three years. For a breach of this contract (if there was a breach) she may recover.

In *United Merchants Realty & Improvement Co.* v. *American Billposting Co.* (71 Misc. 457) the court said at pages 458, 459: '' There seems to be no doubt that a license is a mere authority to use real property and is revocable whenever similar powers and authorities are revocable. It does not follow, however, that, where this authority is given in pursuance of a contract for a definite term and upon a valuable consideration, a breach of the contract by revoking the authority does not give rise to a personal action upon the contract. The true rule would seem to be that, while the contract creates no right in the property itself which a court of equity will protect by injunction, where

the parties have made a valid agreement for a license for a definite period, the revocation of that license will give rise to an action for breach of contract.'' (See, also, *Baseball Publishing Co.* v. *Bruton,* 302 Mass. 54.)

This brings us to the question of whether the defendant breached the contract.

Paragraph 34 of the agreement provides as follows: '' It is understood and agreed that *even though the tenant is Sylvia Schusterman, the person taking personal charge of the checking at each affair, shall be Bertha Schusterman,* who shall be present together with proper and sufficient personnel; and the failure to do so shall be considered a breach of this lease by the tenant ''. (Italics supplied.) There are, in addition, in the contract, several other clauses referring to the manner of conducting the concession.

It is alleged and not disputed that Bertha Schusterman, above named, died in April, 1947.

The license or privilege granted by the agreement herein, was obviously granted on condition that Bertha Schusterman was to furnish personal services in the conduct of the hat checking concession. The paragraph above quoted is clear on this point, for it specifies not only that Bertha Schusterman is to take personal charge of the checking at each affair, but also that her failure to do so would constitute '' a breach of this lease ''.

The rule as to contracts, involving personal services, is thus stated in Williston on Contracts (Rev. ed., Vol. 6, § 1940) '' One who engages for performance of such personal character that it can be performed only by a particular person is excused from liability by the physical incapacity of that person * * * unless he has clearly assumed the risk of such incapacity. * * * Generally it is the promisor himself who is to render the personal services, but the principle is applicable to contracts where the promisor has agreed that a third person shall render such services and the latter becomes physically unable to do so; and to any contract which by its terms or character requires work of a specific person * * *.'' (See also, Restatement, § 459.)

The foregoing principle of law was applied in *Spalding* v. *Rosa* (71 N. Y. 40). In that case, the defendants entered into a contract to furnish the W. Opera Troupe to give performances at plaintiffs' theatre. Before the time specified in the contract, W., the chief singer, and who gave the name to the troupe, became ill and could not sing. Plaintiffs sued the

defendants for failing to furnish the opera troupe for the performance. The Court of Appeals, affirming a dismissal of the complaint, said at page 44: " Contracts for personal services are subject to this implied condition, that the person shall be able at the time appointed to perform them; and if he dies, or without fault on the part of the covenantor becomes disabled, the obligation to perform is extinguished." The converse of the proposition is true, and the defendant cannot be required to accept the services of any other person in conducting the concession. (Restatement, Contracts, § 459; *Matter of Buccini* v. *Paterno Constr. Co.*, 253 N. Y. 256; *Lorillard* v. *Clyde*, 142 N. Y. 456, 462.)

Furthermore, it is competent for the parties to a contract, in express terms, to make any contract a personal one. Where the parties, by express terms, exclude the idea of substituted performance, the death of the party, charged with performance, terminates the contract. (3 Elliott on Contracts, § 1907, p. 61; *Kernochan* v. *Murray*, 111 N. Y. 306, 308.)

Accordingly, upon the death of Bertha Schusterman, the contract could no longer be performed, and defendant did not breach the contract, by declaring it terminated.

The plaintiff further urges, that even if the agreement here be considered as a license agreement, and not a lease, that she is entitled to the protection of section 8 of the Emergency Commercial Rent Law of the State of New York (L. 1945, ch. 3, as amd.).

This contention cannot be sustained. *Kaypar Corp.* v. *Fosterport Realty Corp.* (69 N. Y. S. 2d 313, affd. 272 App. Div. 878) is authority for the proposition that such a license does not come within the Emergency Commercial Rent Law. The court there said at page 318 " the intention of the Emergency Rent Control Law is to protect possession of space and not to protect a license to do certain acts on real property."

So, here, the license to conduct a coatroom concession on the premises, does not come within the scope of the Emergency Commercial Rent Law.

It was conceded upon the argument of this motion, that the plaintiff is entitled to the return of that portion of the consideration paid in advance, which represents the amount paid for the balance of the term, from the date of the notice of cancellation.

However, the complaint in the instant case does not seek the recovery of that amount. The plaintiff is in possession of a check for $800 sent by the defendant, pursuant to paragraph

40 of the agreement and purporting to represent the "rent" for the balance of the term. Upon this motion, the court does not undertake to determine whether that is the correct amount, and this decision is not intended to affect the plaintiff's right to recover the amount due therefor. This decision herein is without prejudice to plaintiff's rights thereto.

Accordingly, defendant's motion for summary judgment in the instant case is granted. Submit order on three days' notice.