RUDOLPH ISAACSON, Plaintiff, *v.* KEN DRUG CORPORATION, Defendant.

Supreme Court, Special Term, New York County, November 15, 1948.

*Benjamin H. Wisner* for plaintiff.

*Herman Wollitzer* for defendant.

RABIN, J. This is an action for the reformation of an agreement under which the plaintiff occupies certain premises, and for a declaratory judgment declaring him to be a statutory tenant under that agreement.

The defendant, who owns a drugstore, entered into a written agreement with the plaintiff permitting the plaintiff to operate a soda fountain and luncheonette business in a portion of that store. This agreement was made on December 2, 1947, and, by its terms, was to terminate on December 31, 1948. However, either party was permitted to terminate the arrangement at will upon twenty-four hours' notice. Such notice was given by the defendant to the plaintiff.

The plaintiff claims that their relationship was not terminated upon the giving of that notice. He contends that the agreement contemplates undisturbed possession by him at least until December 31, 1948, and beyond that date until the twenty-four hour notice should be given, urging that the provision with respect to notice was not to become effective until after the 31st day of December, 1948. He seeks such a construction through this action for a declaratory judgment; and asks further that, in the event such agreement cannot be construed in that manner, the instrument be reformed so that it may be so construed because that was the intention of the parties. It is clear from the agreement that either party was given the right to terminate their arrangement upon the giving of twenty-four hours' notice at

any time after the date of its execution. The plaintiff's prayer for a reformation of the agreement was dismissed during the trial because there was no evidence presented sufficient to justify the granting of such relief. It was apparent from the testimony that he knew what he was signing; that he signed after careful deliberation; that there was no mutual mistake of fact or any mistake, and that he was not imposed upon or coerced into signing the document.

The plaintiff contends further that he is entitled to continued possession of the premises because, despite the fact that the agreement referred to the defendant as " owner " and the plaintiff as " concessionaire ", the relationship between the parties was that of landlord and tenant and that, as a tenant, he is entitled to the protection of the Business Rent Law (L. 1945, ch. 314, as amd.), and that the defendant, therefore, cannot terminate their relationship at will. The plaintiff asks for judgment declaring him to be a tenant protected by the Business Rent Law and that the defendant be enjoined from interfering with his possession, and, among other things, asks for a reformation of the agreement to substitute the words " Landlord " and " Tenant " in place of the words " owner " and " concessionaire " wherever they appear, and, finally, asks for the removal of the clause in the agreement which states that the agreement is not a lease.

It would serve no useful purpose to grant the plaintiff's prayer for reformation in these latter respects because what the parties call themselves or what they call the agreement does not change the relationship established by the terms of the agreement itself. Because the parties may choose to call a document a lease does not make it one, and an instrument could be a lease even though the parties call it something else. It is for this reason and for the further reason that the evidence presented did not justify such relief that the plaintiff's prayer for reformation in these respects was also denied during the trial.

The issue comes down to this: Is the agreement a lease or a license? Was the relationship of landlord and tenant created, or was the plaintiff merely a licensee? If he should be found to be a licensee, would he, as such, be entitled to protection under the rent control laws, or could his right to possession be terminated upon twenty-four hours' notice?

After a careful study of the agreement, and after consideration of all of the evidence presented during the trial, I find that the instrument is not a lease but a mere license and that the relationship of landlord and tenant was not created between the parties.

The agreement did not provide for the letting of any " space " to the plaintiff. It merely gave him permission to use the soda fountain and its equipment, all of which was owned by the defendant. No dominion or control of any specified place in the drugstore was given to the plaintiff and there was none contemplated. There was nothing to prohibit the defendant from moving his equipment from one part of the store to another at any time he chose.

The agreement, moreover, contained other provisions which indicate the nonexistence of a landlord-tenant relationship. By its terms it provides (1) that the hours of store operation were to be decided upon by the owner. The evidence showed that the owner did control the hours. He opened and closed the drugstore at his own choosing and the plaintiff concessionaire was obliged to conduct his luncheonette business in accordance therewith. (2) That all new purchases of equipment were to be approved by the owner prior to purchase. (3) That the owner might terminate the management agreement, if, in his opinion, the operation of the luncheonette " interfered " with the business of the drugstore. (4) That the concessionaire was to continue buying bread, milk and laundry services from the present suppliers. (It was clear from the evidence, for example, that in the purchase of ice cream the bills were addressed to the defendant, who paid them and was reimbursed later by the plaintiff.) And (5), that the defendant was empowered to terminate the agreement whenever in his opinion the operation of the fountain interfered with the business of the drugstore. I might add at this point that the defendant contended that he gave plaintiff notice of termination of the agreement because the relationship between plaintiff and the patrons of the fountain and drugstore was such as prejudiced and hurt the business of the defendant. Although not material to the issues of this case, I find some justification for this charge.

It is clear that the defendant merely granted to the plaintiff a right to use his equipment in the conduct of his fountain and luncheonette business in a limited manner. I must, therefore, find that the agreement is not a lease, but rather is a license — " a mere privilege or permission given by the owner of land authorizing another to enter and to use or occupy the land or part of it for any special purpose." (Walsh, Law of Property [2d ed.], § 150, as cited in the opinion of Judge KOCH in *Kaypar Corp.* v. *Fosterport Realty Corp.*, 69 N. Y. S. 2d 313, 316.)

The plaintiff asserts that if he is not a tenant but is found to be a licensee, he is still entitled as a licensee to the protection

of the Business Rent Law. Under the provisions of this statute (L. 1945, ch. 314, § 2, subd. [e], as amd.), a tenant is defined as ''A lessee, sublessee, licensee, or other person entitled to the possession or to the use or occupancy of the whole or a part of any business space.'' The statute, however, contemplates and protects only a licensee of a rentable area. Here the defendant did not grant to the plaintiff exclusive possession of a rentable area. He is, thus, not a statutory tenant and is not entitled to the protection afforded such statutory tenants (*Kaypar Corp.* v. *Fosterport Realty Corp., supra*).

Plaintiff asserts lastly, that, in the event that it is found that he is not entitled to the protection of the emergency rent laws as a statutory tenant under the provisions of his agreement of December 2, 1947, still the court must find that he is a statutory tenant under an earlier agreement, dated February 13, 1947, under which he formerly held possession and in place of which he executed the agreement of December 2, 1947. He asserts that the latter agreement is a waiver of his rights as a statutory tenant under the former and such waiver is not recognized by the law.

With respect to this final assertion, it should be pointed out that plaintiff's pleadings do not ask for relief under the old agreement. He asks for a declaratory judgment with respect to the agreement of December 2, 1947, only, and he bases his claim for relief on that agreement alone.

It seems to me, however, that the old agreement does not bring him protection under the emergency rent laws because, although it does speak of the renting of space as such to the plaintiff, there again he was not a tenant but merely a licensee. Be that as it may, the plaintiff has no claim under the old agreement because whatever his status thereunder, he voluntarily, and upon his own initiative, surrendered that agreement and established a new relationship between himself and the defendant. He asked for the new agreement because he sought, and through it he obtained, the right to conduct his business on the premises of the defendant for a lesser consideration than he theretofore paid. For all of the foregoing reasons, the plaintiff is not entitled to any relief under the earlier agreement dated February 13, 1947.

It follows, therefore, that the relief asked for by the plaintiff must be denied and that judgment must be entered in favor of the defendant. This constitutes the decision of the court under section 440 of the Civil Practice Act.

Settle judgment accordingly.