D. DANIEL KANON, Plaintiff, *v.* HEFGOLD REALTY CORPORATION, Defendant.

Supreme Court, Special Term, Queens County, January 14, 1949.

*Copans & Kanon* for plaintiff.

*Davis & Heffner* for defendant.

COLDEN, J. The plaintiff, who occupies an apartment in a 202-family multiple dwelling, has brought an action against his landlord for a permanent injunction restraining it from interfering with his peaceful enjoyment of his apartment and the reasonable use thereof, more particularly " the use of his television set, aerial, rods, wires, and parts thereof ", and in connection therewith has made a motion for a temporary injunction for the same relief.

He has never obtained permission from the landlord to erect a television aerial on the roof of the building, and, although he is a statutory tenant, the lease under which he entered possession specifically states that he shall not expose any projection in or out of the windows or exterior, or from the said building, or upon it in any place, except such as shall be approved and permitted in writing by the landlord, and that he shall not drill into, drive nails, or deface in any manner any part of the building, or permit the same to be done, and that the failure of the landlord to insist on strict performance of any of the covenants shall not be deemed a waiver thereof.

It appears that the plaintiff erected a television aerial on the roof of the building on November 29, 1948, and the landlord immediately wrote him a letter informing him that he had no authority to do so, and required its removal, failing which the superintendent of the building would be directed to do so. The plaintiff, who is an attorney, replied that the landlord's " proposed action is unlawful, illegal and unwarranted particularly in view of the fact that many other tenants have such antennas on the roof and, furthermore, there is a contractual relationship between us. You, of course, must realize that this antenna was erected with your knowledge and consent and in the presence of your agent  *   *   *." Plaintiff advised the defendant that in the event the latter removes, damages, or in any way interferes with the antenna, he will be held responsible, " both civilly and criminally to the full extent of the law." Notwithstanding this the landlord removed all of the outdoor aerial equipment and placed the same in plaintiff's apartment.

The effect of granting this application would, for all practical purposes, amount to a mandate by the court permitting the plaintiff to reinstall the dismantled aerial, or directing the defendant to do so. Such relief would not only destroy the *status quo* but grant the plaintiff all the relief he could obtain by final judgment (*Moller* v. *Lincoln Safe Deposit Co.*, 174 App. Div. 458). Such relief is inappropriate " unless the undisputed

facts are such that a trial is a futility'' (*Yome* v. *Gorman*, 242 N. Y. 395, 402). There is not only a serious question as to whether the plaintiff ever obtained permission from the landlord to erect the aerial, but whether if such permission were obtained it constituted only a parol license, revocable at anytime at the option of the licensor. (See *Schusterman* v. *C. & F. Caterers, Inc.*, 192 Misc. 564, and the authorities cited at pp. 566–567.)

As was pointed out by Mr. Justice WALSH in *Perlov* v. *Loric Holding Corp.* (191 Misc. 833), which involved a similar application '' irrespective of the merits of the controversy and the rights of the parties as they ultimately may be determined, it appears without dispute that the aerial already has been removed. Under the circumstances, the temporary relief sought would be futile. \* \* \* Because of the doubt that exists in the mind of the court as to the right of the plaintiff to install and maintain a television aerial on the roof, the court will not prohibit the defendant from removing the aerial should the plaintiff again install it.''

In light of the foregoing, the motion is denied.

Submit order.