Van Voorhis, J.
Defendant landlords appeal from an order denying their motion for summary judgment dismissing the complaint, in an action to recover $100,000 damages based on section 8 of the Business Rent Law (L. 1945, ch. 314, as amd.). In 1921, the plaintiff’s husband established an optical department in the Namm Department Store in Brooklyn and occupied the space up to his death in 1946. Following his death the plaintiff conducted the department for several months as his executrix and the sole beneficiary under his will, and was then excluded. It appears that in May, 1939, an agreement covering the space was entered into between the defendants and plaintiff’s husband. *248 The defendant department store was described, as licensor and the optician as licensee. It provided in part: “1st. The Licensor hereby leases unto the Licensee, and the Licensee hereby hires from the Licensor, certain space on the main floor of the Licensor’s store at Fulton, Hoyt and Livingston Streets and Elm Place, Borough of Brooklyn, City of New York, which space is shown on the diagram attached hereto and made part hereof, to be used solely for the conduct therein of a department designated as No. 177, for the sale, at retail, of optical goods and the conduct of a modern optical department.”
The space was defined, diagrammed and apportioned, the licensor reserved the right to remove the department to another place in the store, the licensee agreed to pay for the privilege of conducting the department 25% of the gross receipts of the department, sales were to be made in the name of the licensor, receipts from the department were to go through the regular channels of the business of the licensor, and the proceeds, after deducting the licensor’s commissions, were to be retained by the licensor in trust for the licensee; all employees were to be selected and recommended by the licensee but subject to the approval of the licensor, they were to be engaged by the licensor for and on behalf of the licensee, and the licensor was given the right to require the immediate dismissal by the licensee from its employment of any person or persons not approved by or suitable to the licensor. Prices on sales of optical goods were subjected to regulation by this agreement, and final adjustment of disputes with customers was to be made by the licensor. The licensee was required to spend 8% of gross receipts on advertising, and was made liable to the licensor for unpaid charge accounts. There was a provision against assignment of the license, and forbidding the licensee to permit anyone else to occupy the space, or to transact any business therein without the consent of the licensor.
The 1939 agreement covered the period beginning with April, 1939, and ending January 27,1940, subject to continuance at will with the right of either party to cancel by giving fourteen days ’ notice. The licensee died May 3, 1946. On July 15, 1946, the licensor gave notice terminating the license agreement on July 29th. On August 2, 1946, the licensee’s equipment and merchandise were removed from the department.
Plaintiff started an action for a declaratory judgment of whatever rights she might possess under the emergency rent laws, and in that action sought an injunction which was denied by an order from which no appeal was taken. The action for *249 declaratory judgment is still pending. Plaintiff then instituted this action to recover damages. The defendant set up a defense of res judicata, based on the denial of the motion for injunction. Plaintiff moved to strike out the defense of res judicata and the defendant cross-moved for summary judgment. Only the denial of the defendant’s cross motion is involved here.
In denying the defendant’s cross motion for summary judgment, Special Term said, in making the order appealed from: ‘ ‘ The agreement here provides for the hire of specific space for a specific time. It is true that the use of this space is limited and the space itself may be changed at the will of the defendant and comparable space substituted. These factors do not make the agreement a mere license.”
Appellant maintains that the Business Bent Law is not applicable to this license agreement and that, if it did apply, the construction urged by plaintiff would make the statute unconstitutional.
The situation presented is somewhat similar to that in Kaypar Corp. v. Fosterport Realty Corp. (272 App. Div. 878, leave to appeal denied, 297 N. Y. 1036.) There the defendant owner leased to the plaintiff for three years, subject to a thirty days ’ cancellation clause, laundry space in its building for the purpose of installing and maintaining coin meter washing machines, for 10% of the gross income from the tenant users. It was held that the relationship of landlord and tenant did not arise, and that the plaintiff had merely a license. It was pointed out that a tenancy involves an interest in real property which passes to the tenant, and a possession exclusive even of that of the landlord, except as the lease permits the landlord’s entry, and saving always his right to enter to demand rent or to make repairs. Under the agreement before the court, there is no exclusive possession in the licensee.
It is urged that the agreement here is similar to that involved in Meers v. Munsch-Protzmann Co. (217 App. Div. 541), where the operator of a luncheonette and the owner of a drugstore made an agreement terminable at the end of five years for the occupancy of specific space in the drugstore, the rent to be a percentage of the gross receipts, and the agreement in the terms of a license. In. the Meers case (supra) there was no problem of the emergency rent laws. A new landlord attempted to terminate the agreement after the end of two years, whereas the agreement itself provided for a five-year term. It was not directly involved in the decision whether the agreement was a *250 license or a lease. In either case it could not be ended before the expiration of its term.
In the agreement at bar, there is such control by the licensor of the licensee that the licensee had only the privilege of conducting the department, and not exclusive possession and control as against the licensor. In Schusterman v. C & F Caterers, Inc. (192 Misc. 564), there was a hat-checking concession which provided that a named individual was to have personal charge of the concession. She died and the landlord cancelled the agreement. It was held that the arrangement involved a license and not a lease and that the rent laws were not applicable. In an article in 35 Michigan Law Review at page 95, in discussing contracts between stores and concessionaires, it was said (p. 108) that such agreements ‘ ‘ should not be construed to establish any of the standard well-recognized legal relations such as the landlord-tenant relation, the licensor-licensee relation, or the partnership relation. To classify it under any of these heads is to hold that certain rules of law are applicable which defeat the function of such agreements. Rather, it seems that the relation should be regarded as sui generis. So far as general principles are applicable at all, they should be the ordinary principles of the law of contract.”
Though the statute defines a tenant as including a “ licensee ”, it has been held that this means only a licensee of a rentable area (Isaacson v. Ken Drug Corp., 195 Misc. 246). Not only did the licensee here fail to have exclusive possession of a rentable area, but also the added business and fiduciary relationship between these parties prevents the conclusion that plaintiff-respondent is entitled to the protection of the emergency rent laws. Instead of the landlord and tenant relationship, there existed, rather, an arrangement for the conduct of a particular department in defendant’s store, by one familiar with the optical business, and in whose technical and business ability and integrity the defendants-appellants had confidence. The fact that the particular space occupied is specific, and described by diagram, does not alter the essential character of the agreement, which must he gathered from the contract as a whole.
Moreover, the compensation paid to appellants in this case under the agreement is not “ rent ”, as defined in the Business Rent Law, which would be consideration “ for the use or occupancy ” of space. (L. 1945, ch. 314, § 2, subd. [f], as amd.) The consideration paid to appellants, in the form of 25% of the gross receipts, was, as provided by the agreement, for occupancy “ and the privilege of conducting the said department
*251 If the emergency rent control laws could have the effect contended for by the plaintiff, then Namm’s could be compelled to accept a relationship with a stranger, someone in substitution for the original licensee. A licensee so thrust upon it could impair Namm’s business and goodwill and lose its business in the optical department through lack of reputation or skill. A poor reputation for the optical department might easily become detrimental to other departments of the store. The relationship between licensor and licensee was personal, as the contract expressly stated, and the plaintiff cannot impose herself on the licensor in violation of the terms of the agreement, and against its formally expressed desire.
The order appealed from should be reversed and defendants-appellants’ motion for summary judgment dismissing the complaint, with costs should be granted, with $20 costs and disbursements of this'appeal.
Peck, P. J., Glennon, Cohn and Callahan, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted.