Henry A. Hudson, J.
The plaintiffs move, pursuant to an order to show cause, for an order directing the defendant.to accept answering affidavits which were served upon the defendant’s attorney six days before the argument of the motion respecting which such answering affidavits were to be used.
The affidavit of the plaintiffs ’ attorney shows that the defendant moved to dismiss the plaintiffs’ complaint pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice, upon the ground that the Statute of Limitations had run against her claim. Such motion was made returnable on April 5, 1960 and contained the provision that answering affidavits pursuant to rule 64 of the Rules of Civil Practice should be served on or before April 5, 1960. Before the return day of such motion plaintiffs’ attorney requested an adjournment until April 19, which was granted by the defendant’s attorney and thereafter a further postponement was requested and granted until May 3, 1960. Prior to May 3, 1960 and on April 29, 1.960 plaintiffs served answering affidavits on defendant’s attorney which affidavits were returned on April 29 with the advice that they had been served too late as they were required to be served on or before April 5,1960.
Plaintiffs’ attorney accepts the responsibility for any failure to comply strictly with the provisions of rule 64 and requests that such error, if such it be, should be excused particularly in view of the fact that answering affidavits were served upon the *59 defendant’s attorney six days before the adjourned date agreed upon by the defendant’s attorney for the argument of the motion.
Buie 64 of the Rules of Civil Practice provides as follows: “ If a notice of motion be served at least ten days before the hearing thereof, it may contain a requirement that affidavits to be used in answering the motion must be served at least five days before the hearing, and, in such case, such answering affidavits must be so served, or, if answering affidavits be not so served they shall not be read in opposition to the motion, unless the court, for good cause shown, shall otherwise direct. When such answering affidavits are served, the moving party may serve affidavits in reply thereto at least two days before the hearing.”
I am of the opinion that the provisions of rule 64 requiring that answering affidavits be served five days before ‘ ‘ the hearing ” should be liberally construed and that if the moving party . consents to an adjournment of the motion, if he is supplied with answering affidavits five days before the motion is to be argued, that such service should be sufficient. It is entirely possible that circumstances might require a different interpretation of the rule but under the facts of the present case, it does not seem necessary to preclude the plaintiffs from the right of their day in court. Even if the rule should not be so liberally interpreted, I believe that the court should consider that under all the circumstances, sufficient good cause has been shown so that the court should exercise the discretion granted to it under the provisions of rule 64 to require the defendant to accept the answering affidavits of the plaintiffs served six days before the date scheduled for the argument of the motion. The courts appear to have followed such procedure. (Lawrence Textile Corp. v. American Ry. Express Co., 125 Misc. 858; Nassau Suffolk Lbr. & Supply Corp. v. Feldman, 125 N. Y. S. 2d 27.)
The plaintiffs’ motion is granted, without costs and an order may be submitted directing the defendant to accept service of the plaintiffs’ answering affidavits.